# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THADDEUS A. KNIGHT,
                 Appellant,

         v.

DEPARTMENT OF JUSTICE,
                 Agency.

DOCKET NUMBER
AT-0353-15-0107-I-1

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thaddeus A. Knight, Coral Springs, Florida, pro se.

Jeannette Wise and Marisa C. Ridi, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed as moot his appeal of the agency's failure to restore him to duty. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant appealed the agency's alleged failure to restore him to duty following full recovery from a compensable injury more than 1 year after his eligibility for compensation began. Initial Appeal File (IAF), Tab 1 at 8, Tab 4 at 56-57. He had received from the Office of Workers' Compensation Programs (OWCP) benefits for an injury he incurred as a Special Agent with the Federal Bureau of Investigation. IAF, Tab 1 at 1, Tab 4 at 56-58. After the OWCP terminated his compensation effective May 28, 2014, he sought restoration, asserting he was able to perform all the duties of his former position. IAF, Tab 4 at 50-51, 56-61. The record shows that the agency ordered him to undergo a fitness-for-duty examination, which he resisted. *Id.* at 15-16, 18-25, 27-29, 31-34, 36-42, 44-51. After he filed this appeal, the OWCP's Branch of Hearings and Review vacated its decision and remanded the case to the Jacksonville, Florida District Office for further action. IAF, Tab 15 at 8-17. The administrative judge found that the OWCP's new decision, issued on December 17, 2014, rendered that agency's prior decision a nullity. IAF, Tab 18,

Initial Decision (ID) at 2. The administrative judge dismissed the appeal as moot because he found that a "live" case or controversy no longer existed. ID at 2-3.

## ANALYSIS

¶3    On review, the appellant explains that his workers' compensation benefits have not yet resumed, despite the January 22, 2015 OWCP decision restoring those benefits. Petition for Review (PFR) File, Tab 1 at 3; *see* IAF, Tab 15 at 19-23. Thus, he argues, he still meets the definition of a fully-recovered employee entitled to restoration rights under 5 C.F.R. § 353.301(b). PFR File, Tab 1 at 3.

¶4    We disagree. Even if the OWCP has not yet resumed the ministerial function of processing the appellant's benefits payments, that agency clearly set aside its finding that he had fully recovered from his injuries. IAF, Tab 15 at 8-17. It also acknowledged that he is entitled to benefits retroactive to June 1, 2014, the date that his benefits previously ended. *Id.* at 9, 17, 19-20; *see* IAF, Tab 4 at 58-61. The OWCP's actions thus returned him to his status prior to the May 28, 2014 determination. Specifically, the December 17, 2014 action extinguished his basis for restoration and thus his Board appeal rights. *See Balfour v. U.S. Postal Service*, 24 M.S.P.R. 340, 341-42 (1984); *see also Welber v. U.S. Postal Service*, 69 M.S.P.R. 195, 201-02 (1995) (finding that an employee's reemployment rights terminated when his compensable injury recurred and his workers' compensation were reinstated). Accordingly, we find that there is no longer a live controversy for the Board to adjudicate. *See Occhipinti v. Department of Justice*, 61 M.S.P.R. 504, 507 (1994) (holding that there must be a live case or controversy when a case is decided, not merely when the complaint is filed) (citing *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 635 (Fed. Cir. 1991)). Accordingly, we find that the appeal is moot. *Id.* at 507.

¶5     The appellant argues that he has not received any of the relief that he might have received had the matter been adjudicated. PFR File, Tab 1 at 4. He alleges that his affirmative defenses—race, age, and disability discrimination—were not adjudicated and that he would have received attorney's fees had he prevailed. *Id.* He argues that he also did not receive such benefits as restored annual leave, sick leave, and contributions to his Thrift Savings Plan account, which would have been awarded had the Board found that he was entitled to restoration and back pay. *Id.* at 5. He further argues that he suffered unspecified "additional compensatory harm" because of the delay in restoration. *Id.*

¶6     Although a claim of disability discrimination may prove that a denial of restoration rights was arbitrary and capricious, *see Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 (2012), the agency did not deny the appellant's restoration rights. Instead, the OWCP vacated its finding that he had fully recovered from his compensable injuries, an act that extinguished his restoration rights under 5 C.F.R. § 353.301(b). IAF, Tab 15 at 17; *see Balfour*, 24 M.S.P.R. at 342. The OWCP's reconsideration of the appellant's status occurred at his own request. IAF, Tab 15 at 8.

¶7     Similarly, the appellant's argument that he has not received the relief that he might have received had the matter been adjudicated also fails because the OWCP has not deemed him to be a fully-recovered employee. His reliance upon *Fernandez v. Department of Justice*, 105 M.S.P.R. 443 (2007), is misplaced because the circumstances here are different than in that case. In *Fernandez*, the administrative judge dismissed the appeal as moot after the agency rescinded the underlying removal action. *Id.*, ¶ 3. The Board vacated the initial decision and remanded the appeal to the regional office because the agency had failed to pay the appellant all of the back pay and interest to which he was entitled and failed to restore his health benefits retroactively. *Id.*, ¶¶ 6-18. These steps were necessary to return the appellant to his status prior to the removal action. Here, no such steps are required on the agency's part to return the appellant to his status

prior to the May 28, 2014 OWCP decision. In any event, the appellant has not cited any authority refuting the holding that he must have a live controversy to proceed before the Board.

¶8    The appellant also argues that the agency cannot require him to undergo a fitness-for-duty examination because the OWCP's determination that an individual is fully recovered is "final and conclusive for all purposes and with respect to all questions of law and fact" and thus binding on the Board. PFR File, Tab 1 at 7-9; *see* 5 U.S.C. § 8128(b)(1); *As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 15 (2000). He additionally argues that, in requiring him to take a fitness-for-duty examination, the agency failed to grant him a reasonable accommodation under the Rehabilitation Act. PFR File, Tab 1 at 5-6; *see Davis*, 119 M.S.P.R. 22, ¶ 11. Because the OWCP's action setting aside its earlier finding ended any live controversy here, these issues are no longer before the Board. In any event, a person who has fully recovered from a compensable injury may not meet all the physical requirements of the position in which he served, or an equivalent position, for reasons that are unrelated to the injury. *See Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, ¶ 13 n.9 (2000); *see also Tisdale v. Department of the Treasury*, 44 M.S.P.R. 390, 395 (1990) (finding that the agency did not violate an employee's restoration rights in delaying restoration to duty following his recovery from compensable injury, as its delay was due to completion of necessary investigations involving medical, background, and drug screening determinations).

¶9    Finally, the appellant argues that the administrative judge dismissed his appeal while knowing that his attorney was unable, because of a "disability," to brief the mootness issue after the Board received the OWCP's letter and opinion setting aside its earlier finding that he was fully recovered.[2] PFR File, Tab 1 at 7;

[2] During the March 19, 2015 status conference, the administrative judge ordered the appellant to show cause as to why his appeal should not be dismissed as moot. IAF, Tab 17 at 5.

*see* IAF, Tab 15 at 8-17.  The appellant also asserts that the administrative judge failed to notify him that his attorney did not respond to the order.  PFR File, Tab 1 at 7.

¶10      The appellant's attorney was present at the March 19, 2015 status conference and received the conference summary.  IAF, Tab 17 at 3, 7.  She did not request a deadline extension.  The deadline for responding to the order was April 20, 2015, which was before the appellant's representative's period of disability began in late May.  *Id.* at 5; *see* PFR File, Tab 1 at 7.  In any event, the adequacy of an appellant's representation generally is not a matter for Board determination.[3]  Also, an appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).  The right of appeal is personal to the appellant, and the responsibility for the prosecution of his appeal remains with him whether or not he is represented.  *Driggs v. Federal Aviation Administration*, 15 M.S.P.R. 597, 599 (1983).  Here, the appellant knew the deadline for responding to the order because he was present at the status conference.  IAF, Tab 17 at 3.  For all of these reasons, we find that his arguments are unavailing.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[3] *Cf. Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 643-45 (1990) (determining that an appellant is not bound by his attorney's actions when he has proven that his diligent efforts to prosecute an appeal were thwarted, without his knowledge, by his attorney's deceptions and negligence).

[4] The appellant additionally alleges that the agency "engaged in unethical actions and gamesmanship to deny him due process."  PFR File, Tab 1 at 4.  He did not elaborate upon this allegation.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.